# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DONNA S. BROWN,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

Case No. 14-cv-4064-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's Motion for Approval of Attorney Fees (Doc. 17). For reasons explained below, the court grants plaintiff's Motion.

### I.   Background

In May 2011, plaintiff applied for disability insurance benefits and her application was denied at the administrative level. After appealing to this court, plaintiff's application was remanded for further administrative proceedings. The administrative court granted plaintiff's claims for benefits on July 29, 2016.

Beginning April 25, 2011, plaintiff retained Tilton & Tilton, Chartered as counsel to represent her at the administrative proceedings. Counsel also represented plaintiff during her proceedings before this court on July 15, 2015.

Plaintiff and counsel had a contingency fee agreement. It provided that counsel should get 25% of all retroactive benefits for representation at the district court level. Plaintiff's benefits totaled $45,547.80. Counsel submits that 25% of $45,547.80 is $11,386.95. The Social Security Commissioner already has awarded counsel $6,000 in attorney fees for work performed

1

before the Social Security Administration. So, after reducing $11,386.95 by $6,000, counsel seeks a net award of $5,386.95.

## II. Analysis

Plaintiff requests an attorney fee award under 42 U.S.C. § 406(b). Attorney fee awards under this subchapter are capped at 25% of the total past due benefits that the claimant is entitled to. 42 U.S.C. § 406(b)(1)(A). The fee must also be reasonable. *Id.*

In *Gisbrecht v. Barnhart*,[1] the Supreme Court concluded that though § 406(b) does not displace contingent-fee agreements between plaintiffs and their counsel, the statute "calls for court review of such arrangements to assure that they yield reasonable results in particular cases." 535 U.S. at 807. When testing a contingent-fee agreement for reasonableness, courts can reduce the fee award for the following reasons: "(1) when 'the character of the representation and the results the representative achieved' were substandard; (2) when 'the attorney is responsible for delay' that causes disability benefits to accrue 'during the pendency of the case in court'; and (3) when 'the benefits are large in comparison to the amount of time counsel spent on the case.'" *Gordon v. Astrue*, 361 F. App'x 933, 934 (10th Cir. 2010) (quoting *Gisbrecht*, 535 U.S. at 808).

Considering all these factors, the court finds that an award of $5,386.95 is both reasonable and within the statutory limit. Plaintiff's counsel recorded 30.7 hours of work on this case. At an hourly rate, counsel's award under the fee agreement amounts to $175.47 per hour. Neither party submits any materials in support of reducing this fee award. Indeed, the Commissioner does not object to the $5,386.95 award in her Response. Doc. 19. She does note that if plaintiff is awarded attorney fees under other statutes, such as the Equal Access to Justice

---

[1] 535 U.S. 789 (2002).

Act ("EAJA"), counsel must return the lesser of the two fees to plaintiff. *Id.* at 1 (quoting *Gisbrecht*, 535 U.S. at 796).

### III. Conclusion

For the reasons discussed above, the court grants plaintiff's motion for attorney fees. The court awards fees of $5,386.95.

**IT IS THEREFORE ORDERED THAT** plaintiff's Motion for Attorney Fees (Doc. 17) is granted according to the terms adopted in this Order.

**IT IS SO ORDERED.**

**Dated this 11th day of July, 2017, at Topeka, Kansas.**

                                    **s/ Daniel D. Crabtree**
                                    **Daniel D. Crabtree**
                                    **United States District Judge**